```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
AMERICAN MUSIC THEATER FESTIVAL,    :
INC., and                           :
JOINT THEATER CENTER, LLC,          :
                                    :
        Plaintiffs,                 :   CIVIL ACTION
                                    :
     v.                             :
                                    :   NO. 10-cv-638
TD BANK, N.A.,                      :
                                    :
        Defendant.                  :
```

**MEMORANDUM AND ORDER**

**Joyner, C.J.**                                         **January 9, 2012**

Before the Court are the Motion for Summary Judgment on Defendant's preclusion defenses (ECF No. 22), Defendant's brief in support thereof (ECF No. 26) and Plaintiffs' Reply in opposition thereto (ECF No. 27). For the reasons set forth in this Memorandum, the Motion is granted.

## I.  BACKGROUND

American Music Theater Festival, Inc. and Joint Theater Center, LLC (collectively, "Plaintiffs") are non-profit entities that operate the Prince Music Theater in Philadelphia. Commerce Bank--now known as TD Bank, N.A. ("Defendant")--was Plaintiffs' financing and banking service provider. In November 2001, Plaintiffs mortgaged the theater to secure a $5.3 million tax-exempt loan from Defendant (the "Tax-Exempt Loan"). Then in

February 2003, Plaintiffs again mortgaged the theater to secure a $500,000 conventional, non-tax-exempt loan from Defendant (the "Conventional Loan"); the principal was later increased to $928,000.

In 2007 and 2008, a dispute arose following a check forgery incident committed by one of Plaintiffs' employees and the parties attempted to re-negotiate the repayment terms of the loans.  Plaintiffs contend a binding agreement was reached on January 31, 2008 (the "January 31, 2008 Agreement") but Defendant refutes that any such agreement was reached.  Defendant argues binding agreements were reached as a result of other discussions in April and August 2008, but Plaintiffs allege those agreements were induced by fraud and coercion.  The parties continued to disagree over the repayment terms and on November 11, 2008, Defendant declared Plaintiffs were in default on both the Tax-Exempt and Conventional Loans.  Confessions of judgment were entered by the Philadelphia Court of Common Pleas: on December 23, 2008, on the Conventional Loan, and on March 18, 2009, on the Tax-Exempt Loan.  In February 2009, Defendant filed related foreclosure actions.

Plaintiffs filed a petition to open the confessed judgment on the Conventional Loan on March 20, 2009, Case No. 081204149 (the "4149 Action"), which the Court of Common Pleas denied on

February 2003, Plaintiffs again mortgaged the theater to secure a $500,000 conventional, non-tax-exempt loan from Defendant (the "Conventional Loan"); the principal was later increased to $928,000.

In 2007 and 2008, a dispute arose following a check forgery incident committed by one of Plaintiffs' employees and the parties attempted to re-negotiate the repayment terms of the loans.  Plaintiffs contend a binding agreement was reached on January 31, 2008 (the "January 31, 2008 Agreement") but Defendant refutes that any such agreement was reached.  Defendant argues binding agreements were reached as a result of other discussions in April and August 2008, but Plaintiffs allege those agreements were induced by fraud and coercion.  The parties continued to disagree over the repayment terms and on November 11, 2008, Defendant declared Plaintiffs were in default on both the Tax-Exempt and Conventional Loans.  Confessions of judgment were entered by the Philadelphia Court of Common Pleas: on December 23, 2008, on the Conventional Loan, and on March 18, 2009, on the Tax-Exempt Loan.  In February 2009, Defendant filed related foreclosure actions.

Plaintiffs filed a petition to open the confessed judgment on the Conventional Loan on March 20, 2009, Case No. 081204149 (the "4149 Action"), which the Court of Common Pleas denied on

August 13, 2009.[1]  The execution of the judgment was stayed pending appeal to the Pennsylvania Superior Court, and the Court of Common Pleas issued an opinion on July 6, 2010 explaining the denial of Plaintiffs' petition (the "4149 Opinion").  On February 23, 2010, the Court of Common Pleas granted Defendant summary judgment on its foreclosure action (the "3713 Action") on the Conventional Loan, Case No. 090203713 (the "3713 Opinion").  In that action, Plaintiffs filed an answer and new matter that incorporated the arguments in their petition to open.[2]

On January 20, 2010, Plaintiffs filed a petition to strike or open the confessed judgment on the Tax-Exempt Loan, Case No. 090302930 (the "2930 Action").  The petition was subsequently denied on June 17, 2010 and an opinion was issued on September 7, 2010 ("2930 Opinion").  In the related foreclosure action, Case No. 090204008 (the "4008 Action"), Plaintiffs filed an answer and new matter that incorporated by reference its petition in the 2930 Action.  Summary judgment was entered for Defendant on July 12, 2010 (the "4008 Opinion").

Plaintiffs filed the present action in the Philadelphia Court of Common Pleas on January 14, 2010 and Defendant subsequently removed the case to federal court.  The Complaint

---

[1] A party challenging a confessed judgment may seek to open or strike off the judgment by filing a petition.  Pa. R. Civ. P. 2959(a).  Any defenses or objections not included in the petition are waived.  Id. 2959(c).

[2] A New Matter is the mode in which a party responding to a pleading asserts affirmative defenses.  See Pa. R. Civ. P. 1030.

3

contains ten counts:

| | |
|---|---|
| Count I: | Breach of Contract/Duty of Good Faith |
| Count II: | Promissory Estoppel |
| Count III: | Breach of Fiduciary Duty |
| Count IV: | Fraudulent Misrepresentation and Concealment |
| Count V: | Negligent Misrepresentation |
| Count VI: | Conversion |
| Count VII: | Breach of Duties Imposed by the Pa. U.C.C. |
| Count VIII: | Interference with Charitable Gifts |
| Count IX: | Interference with Business Relations |
| Count X: | Abuse of Process |

As a result of Defendant's Motion to Dismiss (ECF No. 6), the Court issued an Order (ECF No. 22) finding that the Rooker-Feldman doctrine did not apply to Plaintiffs' claims and converted the Motion to Dismiss into a Motion for Summary Judgment solely on Plaintiffs' affirmative defense of preclusion.

Pending Plaintiffs' appeals of the prior court decisions, the Court of Common Pleas stayed the execution of a sheriff's sale on the theater.  The Plaintiffs have since filed bankruptcy and all state court litigation has been stayed.

## II.  LEGAL STANDARD

Upon considering a motion for summary judgment, the Court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). In making a determination, "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (alteration in

original) (internal quotation marks omitted).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

### III. ANALYSIS

A federal court applying preclusion principles "must give a prior state judgment the same effect as would the adjudicating state."  Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988); see also U.S. Const. Art. IV § 1; 28 U.S.C. § 1738.  Therefore, the Court applies the preclusion principles of the Pennsylvania common law.  Preclusion comes in two forms.  Claim preclusion gives dispositive effect in a later action to a prior judgment, including issues that could have but were not asserted in the prior action.  See Chehi, 843 F.2d at 116.  Issue preclusion bars relitigation of an issue identical to one actually litigated and essential in the prior action.  See id.

### A. Claim Preclusion

Pennsylvania claim preclusion law requires the concurrence of four identities: (1) subject matter; (2) cause of action; (3) persons and parties to the action; and (4) quality or capacity of the parties suing or being sued.  Chehi, 843 F.2d at 116; see also Duquesne Slag Prods. Co. v. Lench, 415 A.2d 53, 56 (Pa. 1980).  The first, third and fourth identities are unmistakably

present in this case.[3]  Identity of the causes of action requires a more searching analysis.

"When there is a proceeding to open the judgment . . . the litigation becomes an adversary proceeding in which there is an adjudication upon the merits of the defenses raised." Riverside Mem'l Mausoleum, Inc. v. Umet Trust, 581 F.2d 62, 67 (3d Cir. 1978); see also Henry v. Farmer City State Bank, 808 F.2d 1228 (7th Cir. 1986) ("A defendant therefore may not relitigate a defense . . . by making it the basis of a claim in a subsequent action against the original plaintiff which if successful would nullify the initial judgment."); Riverside, 581 F.2d at 68.  The Supreme Court of Pennsylvania has noted:

> The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights.  If this be the fact, then the matter ought not to be litigated again, nor should the parties . . . by change in the character of relief sought, be permitted to nullify the rule.

581 F.2d at 67 (quoting Helmig v. Rockwell Mfg. Co., 131 A.2d 622, 627 (Pa. 1957)).  Plaintiffs are attempting to relitigate their defenses in the prior actions as claims in the present

---

[3] The subject matter of the present case and the four prior state court cases is the events preceding and attendant to Plaintiffs' default on the Conventional and Tax-Exempt Loans.  The controversy started with the 2007 check forgery incident, continued through litigation of the confessed judgment and foreclosure actions, and remains unsettled up to the present day. Plaintiffs and Defendant were parties to all the prior actions and were aligned as adversaries.

6

action.  This is not preclusive in itself, but when, as in this case, such claims would nullify the prior judgment, the claims are precluded.  See Restatement (Second) of Judgments § 22 (1982).[4]

Plaintiffs' petition to open the confessed judgment in the 4149 Action (the "4149 Petition") includes seven defenses that are identical to Counts I through VII in the Complaint.  Compare Def.'s App. of Pleadings Ex. A, at ¶¶ 290-343 with Compl. at ¶¶ 273-333.  In fact, the language in both documents is nearly verbatim.

All ten of Plaintiffs' causes of action were reviewed by the Court of Common Pleas in the 2930 Action.  Plaintiffs' petition in the 2930 Action (the "2930 Petition") incorporated the Complaint in the present action in its entirety.  In addition, the petition cites ten theories for holding Defendant liable to Plaintiffs; the ten theories correspond with the Complaint's ten causes of action.  See Def.'s App. of Pleadings Ex. D, at ¶ 113.

The two foreclosure actions both include defenses mirroring the claims in the Complaint.  The 3713 Action was a theater

---

[4]Plaintiffs correctly point out that claim preclusion does not bar claims that could have been, but were not, asserted as counterclaims in a prior action.  Pls.' Opp'n. 9-10.  Plaintiffs also correctly note that in Pennsylvania courts, all counterclaims are permissive, not compulsory.  Id. at 10.  However, there are exceptions to the rule.  The pertinent exception precludes claims where "the relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the judgment or would impair rights established in the initial action."  Del Turco v. Peoples Home Savs. Ass'n, 478 A.2d 456, 463 (Pa. Super. Ct. 1984) (quoting Restatement (Second) of Judgments § 22)).

foreclosure action in which Plaintiffs' answer and new matter adopted, by incorporation, all of their defenses from the 4149 Petition. Judge Arnold New, in the 3713 Opinion, ruled that Plaintiffs' defenses were all precluded by collateral estoppel. In the 4008 Action, Plaintiffs incorporated their entire 4149 Petition into their answer and new matter. Plaintiffs' claims were rejected and Judge Arnold New ruled in favor of Defendant. In total, the Philadelphia Court of Common Pleas passed upon the factual and legal basis of the Complaint four times before now and each time ruled in favor of Defendant.

Plaintiffs' claims that rely on the enforceability of the January 31, 2008 Agreement and invalidity of the confessed judgments are precluded. Counts I, II, III (in part), IV and V of Plaintiffs' Complaint rely on the validity and enforceability of the alleged agreement reached on January 31, 2008.[5] Counts III, VIII, IX and X rely on the invalidity of the confessed judgments entered in the 4149 Action and 2930 Action.[6] Judge

---

[5] Count I alleges a breach of contract, that is, the January 31, 2008 Agreement, and breach of a duty of good faith pertaining to that agreement. Count II alleges Defendant is "estopped from denying its obligations under the January 31, 2008 Agreement." Compl. at ¶ 286. Count III alleges twenty-one instances of a breach of fiduciary duty, several of which presume the January 31, 2008 Agreement is binding. Count IV and V assert fraudulent misrepresentation, concealment, and negligent misrepresentation concerning the formation, performance and breach of the allegedly valid January 31, 2008 Agreement.

[6] Count III alleges a breach of fiduciary duty relying, in part, on the supposed invalidity of the prior court's entry of defaults and confessed judgments. Counts VIII and IX claim Defendant interfered with charitable gifts and business relations by "intentionally and wrongfully declaring default, and confessed judgments." Count X is a claim for abuse of process based on Defendant's allegedly unlawful acts of obtaining confessions of

DiVito, in his 4149 Opinion, specifically held that the "January 31, 2008 letter is not a binding agreement and should be excluded as parole evidence." Instead, he found that a August 29, 2008 modification to the agreement was the binding agreement and used it as the basis for deciding Defendant was entitled to a confessed judgment. See 4149 Opinion at 2, 5.  In the 2930 Action, Judge Fox came to the same conclusion. See 2930 Opinion at 2-5.

Plaintiffs are precluded from relitigating the enforceability of the January 31, 2008 Agreement and the validity of both confessed judgments. If the Court were to find otherwise, it would nullify the state court's judgment in the 4149 Action and 2930 Action. See Del Turco v. Peoples Home Sav. Ass'n, 478 A.2d 456, 463 (Pa. Super. Ct. 1984); Restatement (Second) of Judgments § 22 cmt. f. Relitigating the formation of the January 31, 2008 Agreement would challenge the validity of the prior court's judgment that no contract was formed on January 31, 2008. "A confessed judgment . . . necessarily implies a determination that [a debtor] was in default in the stated amount under a valid and enforceable note." Zhang v. Southeastern Fin. Grp., Inc., 980 F. Supp. 787, 794 (E.D. Pa. 1997). To the extent a claim "relates to contract formation" it "attacks the validity of a confessed judgment and is thus barred by res judicata." Id.

---

judgment and filing foreclosure actions.

9

at 795 (internal quotation marks omitted).

Counts I, II, III (in part[7]), IV and V inextricably rely on the validity of the January 31, 2008 Agreement and thereby collaterally attack the confessed judgments.  Additionally, Counts VIII (in part[8]), IX (in part[9]) and X collaterally attack the confessed judgments.  Plaintiffs had the opportunity to directly challenge the prior court judgments, and Plaintiffs availed themselves of that opportunity by filing their appeals.  Collateral review of these claims is barred by principles of claim preclusion.

**B.  Issue Preclusion**

The claims in the Complaint, in their entirety, are barred from relitigation under the doctrine of issue preclusion.  The Pennsylvania Court of Common Pleas concluded all of Plaintiffs' claims were waived.  In the 2930 Opinion, Judge Fox held that Plaintiffs' contentions of inequitable conduct were "precluded by the confirmation documents signed in connection with the April

---

[7] Count III is precluded to the extent the claim of breach of fiduciary duty relies on the alleged validity of the January 31, 2008 Agreement and alleged invalidity of the confessed judgments in the 4149 Action and 2930 Action.

[8] Count VIII is precluded to the extent it relies on the confessed judgments as evidence of wrongful conduct.  Plaintiffs' other asserted basis for wrongful conduct--that the publication of information about Plaintiffs was wrongful--is not precluded.

[9] Count IX, like Count VIII, is precluded to the extent it relies on the confessed judgments as evidence of wrongful conduct, but Plaintiffs' alternative asserted basis--publication--is not precluded.

10

2008 and August 2008 Modifications in which [Plaintiffs] effectively waived all the exact same claims raised here. These confirmation documents, along with the April 2008 Agreement and Release, preclude Defendants [sic] claims."[10]  2930 Opinion at 5. The contentions of inequitable conduct the 2930 Opinion refers to are the ten claims made in the Complaint.[11]

The modifications in question were a "Confirmation, Modification and Ratification to Loan Agreement" executed on April 3, 2008 (the "April 2008 Modification"), and a "Second Confirmation, Modification, and Ratification to Loan Agreement" executed August 29, 2008 (the "August 2008 Modification"). Judge Fox made explicit reference to the "Confirmation of Guaranty" section in those loan modification agreements. The court's reference quotes in pertinent part: "such obligations [of the loan] . . . [are] owed by the [Plaintiffs] to the [Defendant] without defense, setoff or counterclaim of any kind or nature whatsoever."[12]

---

[10] The 2930 Opinion uses the ordinary meaning of the word "preclude"; it is not a reference to issue or claim preclusion.

[11] In Plaintiffs' Answer and New Matter filed in the 2930 Action, Plaintiffs incorporated the ten causes of action in the Complaint, along with the pertinent facts, and repurposed them as theories of inequitable conduct sufficient to invoke the unclean hands doctrine. See Def.'s App. of Pleadings Ex. D, at ¶¶ 113-14.

[12] The entire excerpt in the 2930 Opinion reads:

SECTION 3.  CONFIRMATION OF GUARANTY
Section 3.1.  Guarantor hereby affirms and ratifies the Guaranty, acknowledges and agrees that Lender has modified the obligation as described herein, thereby modifying the obligations subject to the

The agreement and release Judge Fox refers to was executed on April 3, 2008 (the "April 2008 Agreement and Release") and contains a clause that states in pertinent part:

> For value received, Prince for itself and for each and all of its past, present, and future predecessors, successors, assigns, affiliates . . . and all other persons ("Successors in Interest") hereby and forever releases and discharges and agrees to indemnify and hold harmless Commerce and each and all of the Commerce's Successors in Interest from any and all claims, demands, liens, causes of action, suits, obligations, controversies, debts, costs, expenses, damages, judgments, and orders of whatever kind or nature, in law, equity, or otherwise, whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which have existed, do presently exist, or may exist, relating to the Commerce or its activities, assets, liabilities, or members, including but not limited to, all claims arising out of or in connection with any dispute regarding the Funds or the Account (collectively, the "Claims"), from the beginning of time through the date thereof.

Compl. Ex. P, at § 1.

---

> Guaranty, and that such obligations, including the amount under the Note, is owed by the Guarantor to Lender without defense, setoff or counterclaim of any kind or nature whatsoever. Without in any manner limiting any rights or remedies now or in the future available to Lender under the Loan Documents or otherwise in connection with the Guaranty, Guarantor acknowledges and agrees that they shall pay the guaranteed obligations, in accordance with the terms and conditions of the Guaranty in the event that lender is not repaid the entire indebtedness when due [or] upon [the] earlier acceleration or call of the Loan. Guarantor hereby acknowledges and affirms the CONFESSION OF JUDGMENT set forth in the Guaranty and that such remedy is available to the Lender for the full amount of the Guaranteed Obligations, as increased hereby. Guarantor has executed below to evidence the foregoing.
>
> SECTION 4.   RE-AFFIRMATION AND RATIFICATION OF CONFESSION OF JUDGMENT PROVISIONS
>
> Section 4.1.   The Borrower . . . hereby re-affirms and ratifies the CONFESSION OF JUDGMENT set forth in the Loan Documents and that such remedy is available to the Lender for the full amount of the Loan, as modified hereby.

2930 Opinion at 2 n.3 (quoting Compl. Ex. N, at §§ 3-4; Compl. Ex. S, at §§ 3-4).

12

An issue is precluded from relitigation if five elements exist: (1) identity of issues, (2) a final judgment on the merits, (3) identity of parties, (4) that the party seeking relitigation had a full and fair opportunity to argue the issue in the prior proceeding, and (5) that the prior determination was essential to the judgment. Prusky v. ReliaStar Life Ins. Co., 532 F.3d 252, 265-66 (3d Cir. 2008).[13] Issue preclusion "relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication." Shaffer v. Smith, 673 A.2d 872, 875 (Pa. 1996) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

First, the issue in this instance is the effect of the April 2008 Modification, August 2008 Modification and August 2008 Agreement and Release on Plaintiffs' claims. As discussed above,

---

[13] The parties cite different applications of Pennsylvania issue preclusion law. Plaintiffs argue the application of a five-element test, citing Prusky v. ReliaStar Life Insurance Company, 532 F.3d 252, 265 (3d Cir. 2008), whereas Defendant contends a four-element test applies, citing John H. Gallaher Timber Transfer v. Hamilton, 932 A.2d 963, 967-68 (Pa. Super. 2007). The pertinent difference is that the Prusky test includes an additional element: "that the prior determination was essential to the judgment." 532 F.3d at 265; see also Restatement (Second) of Judgments § 27. Following the chain of citations, the Prusky and Gallaher opinions ultimately rely on Pennsylvania Supreme Court decisions with disparate results. In contrast to Prusky, the Third Circuit has noted in other opinions the split in the case law, with some courts applying five elements and others applying four, and has chosen the four-element test. See Nationwide Mut. Fire Ins. Co. v. Hamilton, 571 F.3d 299, 310 (3d Cir. 2009); Greenway Ctr., Inc. v. Essex Ins. Co., 475 F.3d 139, 146-47 (3d Cir. 2007). At this time, it is not necessary for the Court to inquire any further because the outcome in the present action will be the same under either test. In an abundance of prudence, the Court applies the five-element test delineated in Prusky.

the Court of Common Pleas has already ruled on the issue and the parties have invited the Court to rule on them again.  Defendant argued for a ruling in accord with the 2930 Opinion on this issue in its Motion to Dismiss (ECF No. 6)–arguing Plaintiffs' claims were waived in the April and August agreements--and Plaintiffs argued in opposition (ECF No. 11).  If the court were to consider the substance of Defendant's Motion to Dismiss and Plaintiffs' opposition thereto, it would be reviewing the same evidence and applying the same law as the Court of Common Pleas in the prior actions.  The issue, then and now, is the same.

Second, the prior adjudication was a final judgment denying Plaintiffs' Petition to Strike or Open a Confessed Judgment. "Pennsylvania takes a broad view of what constitutes a 'final judgment.'" Zhang v. Southeastern Fin. Grp., Inc., 980 F. Supp. 787, 794 (E.D. Pa. 1997) (quoting Gen. Accident Fire & Life Ins. Corp. v. Flamini, 445 A.2d 770, 772 (Pa. Super. Ct. 1982)). Under Pennsylvania law, an order pursuant to a petition to open a confessed judgment is a final judgment on the merits.  See Riverside Mem'l Mausoleum, Inc. V. Umet Trust, 581 F.2d 62, 67 (3d Cir. 1978); Hopewell Estates, Inc. v. Kent, 646 A.2d 1192, 1194-95 (Pa. Super. Ct. 1994).  As to the third element of issue preclusion, the parties in this case are the identical parties in the prior state court actions.

The fourth element of issue preclusion requires that

14

Plaintiffs must have had a full and fair opportunity to argue the issue in the prior proceeding. Refusing to give a prior judgment preclusive effect on this basis "should not occur without a compelling showing of unfairness, nor should it be based simply on a conclusion that the first determination was patently erroneous." Restatement (Second) of Judgments § 28 cmt. j. Plaintiffs' 2930 Petition included the identical Complaint filed in this case, along with the pertinent loan modification and release documents appended as exhibits. In their 2930 Petition, Plaintiffs zealously argued the actionability of its ten causes of action. Furthermore, Plaintiffs availed themselves of the opportunity to respond to Defendant's opposition brief by filing a reply brief. Plaintiffs had numerous opportunities to argue the issue in the nearly six months between filing their petition and the court's order rejecting the petition. Plaintiffs were undoubtedly given a full and fair opportunity to argue the issue in the Court of Common Pleas.[14]

Finally, the Court finds that the prior determination was essential to the judgment. "Only legal or factual conclusions necessary to a final valid judgment may be given preclusive effect." Prusky, 532 F.3d at 266. Other conclusions are dicta

---

[14] Plaintiffs contend the lack of pre-hearing discovery deprived them of a full and fair opportunity to litigate their case. This is an insufficient basis to reject the prior judgment's preclusive effect. Other proceedings lacking discovery, such as motions to dismiss and motions for judgment on the pleadings, are preclusive. See Restatement (Second) of Judgments § 27 cmt. d.

and ordinarily are not subject to appeal, which cautions against giving them preclusive effect.  See Restatement (Second) of Judgments § 27 cmt. h.

In the 2930 Action, Plaintiffs filed a petition both to strike the confessed judgment and to open the confessed judgment.  The Court of Common Pleas was thus required to consider whether to strike or whether to open the judgment.  See 2930 Opinion at 2-6.  Plaintiffs could succeed on their petition to open by "aver[ring] a meritorious defense."  2930 Opinion at 5 (citing Homart Dev. Co. v. Sgrenci, 662 A.2d 1092, 1097 (Pa. Super. Ct. 1995); First Pa. Bank, N.A. v. Lehr, 438 A.2d 600, 602 (Pa. Super. Ct. 1980)).  Because Plaintiffs presented several defenses, any one of which could be grounds to open the judgment, the court considered each defense in seriatum.  One of those defenses was the assertion of inequitable conduct, i.e. the ten counts in the Complaint, and the sole basis for rejecting that defense was that Plaintiffs waived those claims.  See 2930 Opinion at 5.  The court's ruling was not dicta; it was necessary for a final judgment.

Preclusion is further supported by the appealability of the state court's determination.  The order denying Plaintiffs' petition was issued on June 17, 2010 without an opinion.  Nearly three months later, the 2930 Opinion was published, on September 7, 2010, ostensibly pursuant to the requirement that the court

"file a brief opinion of the reasons for the order" for the Pennsylvania Superior Court to review.  See Pa. R. App. P. 1925(a)(1).  Plaintiffs filed the appeal and the Court of Common Pleas essentially invited the Pennsylvania Superior Court to review the waiver issue by including it in the 2930 Opinion.

The determination made in the 2930 Action--that all of Plaintiffs' causes of action, as stated in the Complaint, were waived by executing the April 2008 Modification, August 2008 Modification and April 2008 Agreement and Release--is barred from relitigation in the present action.  Whether or not the Court agrees with the prior court's determination and whether or not that determination was made in error, the Court must give it preclusive effect.  See Duraney v. Washington Mut. Bank, No. 07-cv-43, 2011 WL 4204821 at *11 (W.D. Pa. Sept. 11, 2008).  Therefore, the Court must find that all of Plaintiffs' claims are precluded from relitigation.

**IV. CONCLUSION**

For the aforementioned reasons, Defendant's Motion for Summary Judgment is granted.